# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLANA GENEVA TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-0606-CVE-FHM |
| ) | |
| THE CITY OF TULSA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## CORRECTED OPINION AND ORDER[1]

Now before the Court is plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 21). Plaintiff seeks to add Jim Twombly as a defendant to this action and seeks to "correct or clarify allegations as they have more fully come to light during the discovery process." Dkt. # 21 at 2. Defendant filed a response in opposition to the motion on the grounds that it is untimely and that the amendment would be futile. Plaintiff has not filed a reply and her time to do so has expired.

## I.

Plaintiff, an African-American female, is employed by the City of Tulsa (the City) as the Director of the Human Rights Department. Twombly was plaintiff's immediate supervisor during the relevant time period. During the weeks prior to September 2010, plaintiff was assigned the task of preparing a "HUD 5-year action plan," to be provided to the federal government in compliance with federal grant regulations. Plaintiff alleges that the directors of other departments, who had been

---

[1] This Corrected Opinion and Order is entered to correct the date in the second paragraph of page two to "October 8, 2010."

directed by Twombly to supply information to plaintiff for use in the plan, were uncooperative and failed to provide adequate information to plaintiff. As a result, plaintiff alleges that the plan she submitted was "incomplete, but reparable." Dkt. # 5 at 3.

Twombly confronted plaintiff about the deficiencies in the plan, and plaintiff alleges that during this interaction she felt discriminated against due to her sex and race. On September 7, 2010, plaintiff submitted an official grievance with the City's Human Resources Department alleging that Twombly created a hostile work environment as a result of his racial and sexual discrimination toward plaintiff. The Director of Human Resources, Erica Felix-Warwick, who plaintiff alleges was under the direct supervision of Twombly, personally investigated plaintiff's claim. On October 6, 2010, Felix-Warwick issued the results of her investigation, which found that there was no evidence that Twombly discriminated against plaintiff or created a hostile work environment.

On October 8, 2010, Twombly sent plaintiff a "written reprimand" and disciplinary action report stating that plaintiff's job performance in completing the 5-year plan was negligent, inefficient, or incompetent. A hearing was held on the disciplinary action report on February 11, 2011. The hearing officer determined that plaintiff should be reprimanded in the manner requested by Twombly and suspended plaintiff for five days without pay.

Plaintiff filed her complaint on September 30, 2011 (Dkt. # 1) and filed an amended complaint on October 4, 2011 (Dkt. # 5). Both the original complaint and the amended complaint name only the City as a defendant. The amended complaint is not a model of clarity in that it does not separately delineate the various claims for relief brought by plaintiff. However, it appears that plaintiff is alleging a claim of violation of due process in violation of her Fifth Amendment rights

2

and claims of retaliation and discrimination in violation of her Fourteenth Amendment rights, all of which are brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

Plaintiff now seeks leave to file a second amended complaint in order to name Twombly as a defendant in his individual capacity. The proposed second amended complaint contains virtually the identical factual allegations contained in the amended complaint. The only additional facts alleged in the proposed second amended complaint concern the hearing officer at plaintiff's disciplinary hearing and an allegation that Twombly was working on an unrelated project with the hearing officer around the time of plaintiff's complaint of discrimination. Dkt. # 21-1 at 4, 8. While the amended complaint states that the action "arises under the Fifth and Fourteenth Amendments to the United States Constitution and under the Civil Rights Act, Title 42 U.S.C. §§ 1981, 1981(a), and 1983" (Dkt. # 5 at 1), the proposed second amended complaint states that the action also arises under the First Amendment and 42 U.S.C. § 1985. Dkt. # 21-1 at 3. Thus, plaintiff's statement that the "reason the *Complaint* is being amended in this instance . . . is to add an additional Defendant to the action at hand" (Dkt. # 21 at 1), is misleading as plaintiff is also attempting to add a claim for violation of her First Amendment rights and  claim pursuant to § 1985.

## II.

Rule 15(a) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance, futility of amendment, etc. the leave

3

sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).[2] Leave to amend is a matter committed to the court's discretion, but the district court must give a reason for a refusal. Fed. Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987).

"In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005); see also Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006) ("if there has been undue delay on the part of the plaintiff in raising the claim, the district court may properly deny the motion as untimely"). When determining whether an amendment is untimely under Rule 15(a), the Tenth Circuit "focuses primarily on the reasons for the delay [and has] held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

---

[2] Neither party has argued that Fed. R. Civ. P. 16(b)(4) is relevant to the question of whether plaintiff can amend the amended complaint. Rule 16(b)(4) states that a "schedule may be modified only for good cause . . . ." The scheduling order in this case set the deadline of February 23, 2012 for amendments to the complaint. Dkt. # 13. Some circuits have held that a party seeking to amend the pleadings after the deadline set for such amendments in the scheduling order must satisfy the "good cause" requirement of Rule 16. See, e.g., Hawthorne Land Co. v. Occidental Chem. Corp., 431 F.3d 221, 227 (5th Cir. 2005); Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003); Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000); In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437-38 (8th Cir. 1999); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay. See Hawthorne, 431 F.3d at 228; Leary, 349 F.3d at 907; Parker, 204 F.3d at 340-41; In re Milk Prods., 195 F.3d at 437-38; Johnson, 975 F.2d at 609-10. The Tenth Circuit adopted a similar interpretation of Rule 16(b)'s "good cause" requirement in the context of counterclaims asserted after the scheduling order deadline, SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1518-19 (10th Cir. 1990), but has not done so in the context of an amendment to the complaint. The Court need not address whether Rule 16(b)(4)'s "good cause" standard applies in this case because plaintiff is unable to satisfy the more lenient standard of Rule 15(a)(2).

**III.**

Plaintiff's motion to amend was filed almost seven months after the amended complaint was filed and over two months after the deadline to file a motion to amend had passed. The motion is two pages long and provides no explanation for the delay. Plaintiff states that defendant's initial disclosures were not served until after the motion to amend deadline had passed. However, plaintiff does not identify any newly discovered evidence she received during discovery that put her on notice of a potential claim against Twombly or of potential First Amendment or § 1985 claims. Defendant has provided its initial disclosures, which is a two-page document listing potential witnesses and producing documents "proffered by either party before the Civil Service Commission . . . ." Dkt. # 24-1 at 2. Given that plaintiff was a party to the Civil Service Commission hearing, she would already have had access to these documents and the information contained therein. Plaintiff does not contend otherwise. Thus, it is unclear how defendant's initial disclosures could have provided new information to plaintiff such that she would only then realize she could name Twombly as a defendant or bring First Amendment or § 1985 claims.

The proposed second amended complaint does not add any additional material factual allegations against Twombly, nor does it add material factual allegations concerning possible First Amendment or § 1985 claims. Plaintiff has not adequately explained why she could not have named Twombly as a defendant in her original complaint or her amended complaint, or why she cold not have brought First Amendment or § 1985 claims in the original or amended complaints. Plaintiff has further not provided an explanation as to why she could not have filed her motion to amend sooner. Given plaintiff's lack of an adequate explanation for her delay, the motion to amend is untimely. See Smith, 462 F.3d at 1285 (holding that district court did not abuse its discretion in

5

denying leave to amend where plaintiff had no explanation for his delay); Scott v. DIRECTV Customer Servs., Inc., No. 08-CV-0311-CVE-PJC, 2009 WL 661392, at *4 (N.D. Okla. Mar. 11, 2009) (denying leave to amend where plaintiff provided inadequate explanation for delay).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 21) is **denied**.

**DATED** this 14th day of June, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE